**Jose ARROYO, Appellant**

v.

**Michael J. ASTRUE, Commissioner of Social Security.**

No. 08–4551.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit L.A.R 34.1(a) Sept. 16, 2009.

Filed: Sept. 23, 2009.

Thomas D. Sutton, Esq., Leventhal, Sutton & Gornstein, Trevose, PA, for Appellant.

Nicholas R. Cerulli, Esq., Dina Griffin, Esq., Craig Ormson, Esq., Social Security Administration, Philadelphia, PA, for Appellee.

Before: SLOVITER, FUENTES, and SMITH, Circuit Judges.

OPINION

SMITH, Circuit Judge.

Jose Arroyo appeals from the decision of the United States District Court for the Eastern District of Pennsylvania, which affirmed the final decision of the Commissioner of Social Security denying his claim for disability benefits under Title II of the Social Security Act. The District Court had jurisdiction pursuant to 42 U.S.C. § 405(g). We exercise jurisdiction pursuant to 28 U.S.C. § 1291. We review the factual findings of the Commissioner for substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (internal quotation marks and citation omitted). "Our review of legal issues is plenary." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir.2000). For the reasons set forth below, we will affirm.

Arroyo filed for disability benefits in September of 2003, alleging disability due to a physical impairment following a lumbar laminectomy in 1989. After a hearing, the Administrative Law Judge (ALJ) concluded that Arroyo had the residual functional capacity (RFC) to perform sedentary work which afforded the option to

alternate sitting and standing, and that these physical limitations were compatible with Arroyo's past relevant work with a plumbing supply business. As a result, the ALJ denied Arroyo's application for disability benefits.

Arroyo appealed to the District Court, arguing that the ALJ's decision was not supported by substantial evidence because the ALJ's finding regarding his RFC ignored Arroyo's work history report, which indicated that his position with the plumbing supply business required lifting heavy items, and his wife's testimony, which concerned Arroyo's illiteracy and his physical capabilities. The District Court agreed, reversing the decision and remanding the matter for further proceedings. The District Court directed that Arroyo's case

> should be remanded in order that the ALJ review the entire record, including all relevant evidence submitted by [Arroyo] with respect to past relevant work and alleged illiteracy. If the ALJ should determine that Plaintiff does not qualify for disability as a result of his impairment or combination of impairments, the ALJ must articulate the weight applied to the evidence and the reasons for rejecting Plaintiff's claim of disability.

> Because the ALJ's decision fails to demonstrate consideration of all relevant evidence, particularly evidence concerning Plaintiff's past relevant work and alleged illiteracy, the matter should be remanded for further consideration and articulation as to the weight applied to the evidence. In light of this re-evaluation of the evidence, the ALJ should also reconsider his credibility determination. If the ALJ should determine that Plaintiff or his wife are not entirely credible, he must provide specific reasons for his determination.

> Additionally, [Arroyo] should be afforded a reasonable opportunity to sup-

plement the medical evidence to address the issues identified herein. . . . Finally, [Arroyo] should remain cognizant that the ultimate burden of proving disability rests with him.

On remand, Arroyo submitted additional medical evidence and provided additional testimony. After considering all of the evidence, the ALJ found that Arroyo was illiterate, but that he had the RFC to perform the full range of light work. Because light level work was incompatible with Arroyo's past relevant work, the ALJ proceeded to determine whether there were other jobs in the national economy that Arroyo could perform. Applying these findings to the Medical–Vocational Guidelines, the ALJ determined that Arroyo was not disabled. The ALJ recognized that his finding regarding Arroyo's RFC had changed. He explained that his previous decision had been vacated by the Appeals Council and that consideration of all of the credible evidence for the period before December 31, 1993, Arroyo's date last insured, showed that the earlier RFC finding that Arroyo could perform only sedentary work was not consistent with the evidence and that Arroyo had the RFC for the full range of light level work.

Arroyo appealed again to the District Court. He argued that the ALJ violated the law of the case doctrine. According to Arroyo, this doctrine precluded the ALJ from changing his RFC finding from sedentary with a sit/stand option to the full range of light work. The District Court rejected that argument and determined that there was substantial evidence to support the decision rendered by the ALJ following remand.

This timely appeal followed. Arroyo contends that the District Court erred in its application of the law of the case doctrine, and submits that we must reverse to correct this legal error. Furthermore, he

asserts that application of the familiar five step sequential analysis for disability benefits to the RFC finding for sedentary work with a sit/stand option and the ALJ's other findings requires the entry of judgment in his favor. The Commissioner asserts that the District Court did not err because, even if the law of the case doctrine is applicable to administrative proceedings of this nature, the District Court did not make a finding regarding Arroyo's RFC.

"The law of the case doctrine directs courts to refrain from re-deciding issues that were resolved earlier in the litigation." *Pub. Interest Research Group of N.J., Inc. v. Magnesium Elektron, Inc.,* 123 F.3d 111, 116 (3d Cir.1997). As the Supreme Court instructed in *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979), "[t]he doctrine of law of the case comes into play only with respect to issues previously determined." *Id.* at 347 n. 18, 99 S.Ct. 1139 (citation omitted). After scrutinizing the District Court's opinion reversing the ALJ's decision and remanding the matter for further proceedings, we conclude that the issue of Arroyo's RFC was not resolved by the District Court. Thus, we need not determine if the law of the case doctrine applies to this administrative proceeding and whether the District Court violated the doctrine.

In our view, the District Court's remand for further administrative proceeding was quite broad. It directed the ALJ on remand to "review the *entire* record" to determine if Arroyo had demonstrated that he was disabled. Although the District Court emphasized that the ALJ must reassess his findings with respect to Arroyo's past relevant work and his illiteracy, the District Court did not limit or restrict the ALJ's reconsideration to those two particular aspects of the case. Rather, because the ALJ failed to consider "all relevant evidence," the District Court stated that the "matter should be remanded for further consideration and articulation as to the weight applied to the evidence." The Court specified that the ALJ was to re-evaluate the evidence and to "reconsider his credibility determination[s,]" which pertained to not only Arroyo's credibility, but also that of his wife and Dr. Balasubramanian's opinion. Furthermore, the Court directed that Arroyo should be afforded a reasonable opportunity to supplement the medical evidence. Indeed, additional medical evidence was submitted during the supplemental hearing.

In our view, these instructions on remand contemplate that Arroyo's RFC would be considered anew. We cannot ignore that a re-evaluation of all relevant evidence and a reconsideration of the credibility determinations would be unnecessary if the remand was solely for the purpose of reexamining the demands of Arroyo's past relevant work and his wife's testimony about his literacy. Nor would there be any reason to afford Arroyo an opportunity to submit additional medical evidence if the ALJ was limited on remand to reviewing the nature of Arroyo's past work with the plumbing supply business and the testimony of Arroyo's wife regarding his ability to read and write.

Having determined that the District Court's earlier decision did not resolve Arroyo's RFC, we conclude that the ALJ did not err on remand by reassessing Arroyo's RFC. Because there is substantial evidence to support the finding that Arroyo had the RFC for the full range of light work, we will affirm the judgment of the District Court.